UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**MICHELE MCBETH,**

Plaintiff,

v.                                              Civil Action No. _3 :11CV479_

**FRIEDMAN & MACFADYEN, P.C.,**
t/a Friedman & MacFadyen, P.A.,
**and**
**JOHNIE R. MUNCY,**

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action seeking damages arising from Defendants' unlawful attempts to

collect a delinquent home mortgage debt alleged owed by Ms. McBeth and to foreclose on the

subject Deed of Trust.  Ms. McBeth alleges that Defendants, a debt collection law firm and one

of its collection attorneys, 1) initiated foreclosure activities when they had no present right to

possession of the property, 2) knowingly made a series of false statements and representations in

connection with the collection of the debt and of the foreclosure on her home, and 3) failed to

identify the name of the creditor to whom the debt was owed, all in violation of the Fair Debt

Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15

U.S.C. §1692k(d).

### PARTIES

3.      Plaintiff Michele McBeth ("Ms. McBeth") is a natural person who resides in Virginia. Ms. McBeth is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Friedman & MacFadyen, P.C., t/a Friedman & MacFadyen, P.A. is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

5.      Defendant Johnie R. Muncy is an attorney employed by Friedman & MacFadyen, P.C.

6.      Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Fannie Mae acquires Ms. McBeth's Mortgage Loan*

7.      Ms. McBeth borrowed $168,000 for her mortgage, as evidenced by a promissory note ("Note"), dated July 29, 2003. The Note was payable to Wachovia Mortgage Corporation.

8.      The Note was secured by a Deed of Trust dated July 29, 2003 and recorded in the Clerk's office of the City of Norfolk. A copy of the Deed of Trust is attached hereto as EXHIBIT A.

9.      Ms. McBeth's Note and Deed of Trust obligated her to repay Wachovia Mortgage Corporation.

10.     The Deed of Trust was assigned a Mortgage Identification Number ("MIN") so that the servicing rights and ownership rights of the mortgage loan can be tracked electronically on the Mortgage Electronic Registration System, Inc. ("MERS").

11.     Upon information and belief, at some time after the assignment of the Deed of Trust, Federal National Mortgage Association ("Fannie Mae") had a contractual agreement to purchase loans originated by Wachovia Mortgage Corporation.

12.     Upon information and belief, Fannie Mae purchased Ms. McBeth's loan subsequent to the origination through the above-described contractual agreement with Wachovia Mortgage Corporation. A copy of the MERS printout for Ms. McBeth's loan is attached hereto as EXHIBIT B.

13.     Ms. McBeth's loan was serviced by EverHome Mortgage Company through August 1, 2010. As a servicer, EverHome Mortgage Company acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

14.     Ms. McBeth regularly made her payments to EverHome Mortgage Company until August, 2009, when she called EverHome Mortgage Company to make a payment over the phone and EverHome Mortgage Company lowered Ms. McBeth's monthly payment and qualified her for Making Home Affordable Home Affordable Modification Program (HAMP).

15.     Wells Fargo Home Mortgage forwarded correspondence Ms. McBeth dated July 27, 2010 indicating that EverHome Mortgage Company would transfer the servicing responsibilities of her loan to Wells Fargo Home Mortgage effective August 1, 2010. A copy of this correspondence is attached hereto as EXHIBIT C.

*Freidman & MacFadyen is a Debt Collector*

16.    Defendant Friedman & MacFadyen, P.C., t/a Friedman & MacFadyen, P.A. is a law firm whose practice is focused on the collection of debts.

17.    Defendants advertise that they provide loss mitigation, bankruptcy, and foreclosure services to creditors[1].

18.    Defendants regularly collect home loan debts, bringing Defendants' collection activities within the purview of the FDCPA, 15 U.S.C. § 1692a(5).

19.    Defendants regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts they are attempting to collect

20.    Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

21.    Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### Defendants Attempt to Collect a Debt

22.    In correspondence to Ms. McBeth dated, July 28, 2010, Defendants stated that they purportedly were retained to foreclose on Ms. McBeth's home by EverHome Mortgage Company due to her alleged failure to make mortgage payments. A copy of the July 28, 2010 correspondence is attached hereto as EXHIBIT D.

---

[1] *See* http://www.fmlaw.com/fmlaw.html

23.     The July 28, 2010 correspondence stated that EverHome Mortgage Company is the current noteholder and/or servicer.

24.     The July 28, 2010 correspondence advised Ms. McBeth that Defendants had been appointed by EverHome Mortgage Company in order to foreclose on Ms. McBeth's home.

25.     Defendants' July 28, 2010 letter further stated:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR THIS FIRM IS A DEBT COLLECTOR.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

26.     The July 28, 2010 letter does the following, among other things, in connection with Defendants' attempts to collect the subject debt:

  a.  States that that the total indebtedness "due from the date of default is $158,561.98,"

  b.  States that they have calculated a statement of Ms. McBeth's debt, as of the date of the letter, but to obtain the most current figures, it would be necessary for Ms. McBeth to contact the Defendants,

  c.  States that "[s]hould you wish to reinstate or payoff your loan, or obtain a current statement of your debt for any reason, please contact our foreclosure department at the above telephone number…

27.     On July 28, 2010, Defendants forwarded a second correspondence to Ms. McBeth indicating that they did not have possession of the original note, but had evidence of the indebtedness. A copy of the second July 28, 2010 correspondence is attached hereto as EXHIBIT E.

28.     The subject line of the second July 28, 2010 correspondence is: "EverHome Mortgage Company v. Michele L. McBeth."

29.     Defendants' second July 28, 2010 letter further advised Ms. McBeth that Defendants were attempting to collect a debt.

30.     On July 28, 2010, Defendants forwarded Ms. McBeth a third letter regarding alternatives to foreclosure. The subject line of the third July 28, 2010 correspondence is: "EverHome Mortgage Company v. Michele L. McBeth." A copy of the third July 28, 2010 correspondence is attached hereto as EXHIBIT F.

31.     In order to discuss alternatives to foreclosure, Ms. McBeth was advised to call the Defendant Friedman & MacFadyen.

32.     Defendants sent correspondence to Ms. McBeth dated August 3, 2010 providing her with a reinstatement quote advising Ms. McBeth how much to pay them in order to bring her loan current. A copy of the August 3, 2010 correspondence is attached hereto as EXHIBIT G.

33.     Defendants' August 3, 2010 letter was an attempt to collect a debt.

34.     Defendants' August 3, 2010 letter, just below the letterhead, begins with a boldface § 1692e(11) disclosure.

35.     The August 3, 2010 letter does the following, among other things, in connection with Defendants' attempts to collect the subject debt:

A.     Sets out the amount necessary to reinstate the above-referenced loan and to resolve the pending action in amounts that "are good through August 27, 2010"

B.     Warns Ms. McBeth that "if the effective date for the payment quotation stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale,"

C.     States that "(B)ecause of interest, late charges, trustee's and/or attorney's fees and costs (if applicable), and other charges that may vary from day to day or that may change after the date of this communication, the amount due on the day you pay may be greater. You may also owe the amount of any monthly or other payments and late

charges that may fall due after the date of this communication. Therefore, prior to making payment, it is necessary for you to verify the exact amount due."

D.     States that "(A)ll funds must be submitted in the form of Certified and/or Cashier's check(s) and/or Money Order(s) and must be made payable to **EverHome Mortgage** Funds must be sent to the attorney/trustee office listed above."

E.     States that "After reinstatement, you will be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the action."

F.     Advises Ms. McBeth that she should verify the amounts due and owing to insure that they are correct.

G.     And provides an amount demanded for reinstatement of Ms. McBeth's home mortgage loan.

### *Defendants are "Appointed" to Collect a Debt*

36.     Defendants forwarded Ms. McBeth a letter on August 10, 2010. Enclosed in this letter, Defendants sent Ms. McBeth a Substitution of Trustees Deed. A copy of the August 10, 2010 correspondence is attached hereto as EXHIBIT H.

37.     The August 10, 2010 letter states that Ms. McBeth's home will be sold at a foreclosure auction "unless the entire balance of the Note (including all principal, interest and lawful charges) is paid in full before the date of the sale referenced in the attached Notice," and advises Ms. McBeth to "contact the undersigned immediately" should she "desire to avoid the necessity of a foreclosure sale and satisfy (her) obligation.

38.     The August 10, 2010 correspondence also states:

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

39.     The Substitution of Trustees Deed states that EverHome Mortgage Company is the Noteholder.

40.     An Assistant Vice President of EverHome Mortgage Company signed the Substitution of Trustees Deed.

41.     The Substitution of Trustees Deed is dated July 27, 2010, but is not notarized until August 5, 2010.

42.     Defendants claim that the Substitution of Trustees Deed gives them the authority to foreclose on Ms. McBeth's home, by appointing them substitute trustee.

43.     Fannie Mae is the actual noteholder, and Defendants failed to disclose that Fannie Mae was the creditor to whom the debt is owed in their correspondences to Ms. McBeth.

44.     Further, at the time a representative for EverHome Mortgage signed the Substitution of Trustees Deed, EverHome was no longer the servicer of Ms. McBeth's mortgage loan.

45.     As a result of the acts and omissions of the Defendants, Ms. McBeth has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish, and suffering.

## Count I: Violations of the FDCPA, 15 U.S.C. § 1692g

46.     The foregoing allegations of the Complaint are incorporated by reference.

47.     Defendants failed to disclose Fannie Mae as the creditor to whom the debt was owed within five days after their initial communication with Ms. McBeth pursuant to 15 U.S.C. § 1692g(a)(2).

48.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA, 15 U.S.C. § 1692e

49.     The foregoing allegations of the Complaint are incorporated by reference.

50.     The series of correspondence misrepresented that this was an action styled "EverHome Mortgage Company v. Michele L. McBeth."

51.     The August 3, 2010 correspondence also states that if Ms. McBeth reinstates her loan, she will be required to sign appropriate documents to withdraw the action.

52.     Foreclosure in Virginia is nonjudicial and does not require judicial intervention.

53.     The subject line falsely implies that a lawsuit had been or threatens that it would be filed against the Plaintiff and falsely states the legal requirements to reinstate a loan in Virginia.

54.     Further, Defendants were not "appointed" substitute trustee at the time of their July 28, 2010 correspondences to Ms. McBeth, despite their representations otherwise.

55.     The entity that appointed Defendants substitute trustee had no authority to do so.

56.     Further, all the correspondences forwarded to Ms. McBeth by the Defendants on July 28, 2010 and August 3, 2010 misrepresent EverHome Mortgage Company is the noteholder and/or creditor to whom the debt is owed.

57.     Defendants used false representations or means to collect or attempt to collect the subject debt, in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10).

58.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692f

59.     The foregoing allegations of the Complaint are incorporated by reference.

60.     The attempted foreclosure was a nonjudicial action that sought to permanently deprive Ms. McBeth of her ownership rights in his home.

61.     Upon information and belief, EverHome Mortgage Company had no authority to appoint the Defendants as a substitute trustee as it was not the proper noteholder.

62.     Indeed, the individual that signed any sworn statements on behalf of EverHome Mortgage Company purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing.

63.     Defendants were aware that another entity was the owner of the loan at the time they were appointed substitute trustee and at the time they advertised the foreclosure sale.

64.     Because they were not validly appointed as a substitute trustee by the actual noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to threaten to conduct the foreclosure sale.

65.     Defendants threatened to take non-judicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

66.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court grant the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff statutory damages;

3.     Award Plaintiff reasonable attorney's fees;

4.     Award Plaintiff costs;

5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Michele McBeth
By Counsel

Kristi C. Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, Esq., VSB #37523
Robin A. Abbott, Esq., VSB #46596
Gary L. Abbott, Esq., VSB #68829
Susan M. Rotkis, Esq., VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 (facsimile)
lenbennett@clalegal.com
rabbottlaw@msn.com
garyabbott9@msn.com
srotkis@clalegal.com

Counsel for Plaintiff