IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELE MCBETH, :

    Plaintiff, :

v. : Civil Action No: 3:11-CV-479

FRIEDMAN & MACFADYEN, P.C., et al. :

    Defendants. :

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MICHELE MCBETH'S MOTION TO AMEND COMPLAINT

Plaintiff Michele McBeth has moved to amend her Complaint. *(Docket No. 57.)* The proposed amendments are substantially identical to those asserted in the Amended Complaints in the *Chatter* and *Banks* matters which Amended Complaints Defendants have moved this day to dismiss. Because the Amended Complaint in this case cannot survive, for the same reasons the Amended Complaints in *Chatter* and *Banks* cannot survive, the proposed amendments are futile and the Motion to Amend should be denied. This Court set out the standard for assessing the futility of an amendment to a complaint in *Macon v. E.I. Dupont*:

> Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). *A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (*citing Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985)); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under [Rule] 12(b)(6)."). Dismissal of a complaint under Rule 12(b)(6) is proper only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A plaintiff must state a claim that

> is "plausible on its face," rather than "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). If amendment would not be futile, a plaintiff generally should be afforded the opportunity to test his claim on the merits. *Foman*, 371 U.S. at 182.

*Macon v. E.I. DuPont*, 2011 U.S. Dist. LEXIS 51606, 5-6 (E.D. Va. May 13, 2011)(Lauch, J.)(emphasis added). Because the amendments proposed in this case are substantially identical to those in *Chatter* and *Banks*, and because those amendments should be dismissed pursuant to Rule 12.b.6, the amendments in this case are, therefore, futile. The Motion to Amend should be denied.

In addition to the reasons set out in the *Chatter* and *Banks* Motions to Dismiss, the Motion to Amend should be denied to the extent it seeks to add not just new class action claims but new *parties* about whom the Defendants had no notice in the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B)(permitting new claims to relate back under certain circumstances); 15(c)(1)(C)(permitting, *inter alia*, new parties to relate back if notice of new parties operates to avoid prejudice). Throughout the proposed amended Complaint, Plaintiff alleges *class claims* that relate back to the "filing of the *original* Complaint in this matter." *See, e.g.*, Am. Compl. ¶¶ 191, 194, 196 (emphasis added). Plaintiff's original Complaint in this matter did not allege a class claim; therefore, Plaintiff's class claims cannot relate back to filing of the original Complaint. Accordingly, the FDCPA claims of any person in the putative class who was not named in Plaintiff's original complaint do not relate back to the date of the original complaint. Plaintiff's Motion to Amend should be denied to the extent it seeks to add new parties to the action and relate those parties back to the date of the original complaint.

As a general rule, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." *American Pipe & Constr. Co. v. Utah*, 94 S. Ct. 756, 766 (1974). The rationale for this rule is that "[t]he policies of ensuring essential

fairness to defendants and of barring a plaintiff who has 'slept on his rights,' are satisfied when . . . a named plaintiff commences a suit and thereby notifies the defendants *not only* of the substantive claims being brought against them, *but also of the number and generic identities of the potential plaintiffs who may participate in the judgment*." *Id.* at 766–67 (emphasis added). However, an amended complaint which broadens the definition of the proposed class does not relate back because it does not afford the defendants such notice. *See Smith v. Pennington*, 352 F.3d 884, 894 (4th Cir. 2003) ("It then follows that for parties outside the asserted class, tolling will be unavailable at least until such time as the plaintiff repudiates that definition of the class he seeks to have certified in a manner that provides adequate notice that his class definition has changed."); *Perry v. Beneficial Finance Co. of New York, Inc.*, 81 F.R.D. 490, 495 (W.D.N.Y. 1979) ("[A]n amended complaint which broadened the definition of the proposed class did not relate back to the date of the original complaint." (citing *Arneil v. Ramsey*, 550 F.2d 774 (2d Cir. 1977))). Here, Plaintiff's original Complaint alleged nothing more than individual claims. Specifically, Plaintiff made no mention of the number or generic identities of potential plaintiffs who might participate in the judgment. Accordingly, Plaintiff's proposed class claim cannot relate back to the filing of the original Compliant.

The opinion in *Perry v. Beneficial Finance Co. of New York, Inc.*, 81 F.R.D. 490, (W.D.N.Y. 1979) is on all fours with the instant claim. There, the plaintiff filed a complaint on March 9, 1977, alleging an individual claim under the Truth in Lending Act. 81 F.R.D. at 494. The plaintiff then filed an amended complaint on April 4, 1977, which added a class allegation

under the same section. *Id.* The plaintiff sought to relate all class claims back to the filing of the original complaint.[1] *Id.* The court rejected this argument. Specifically, the court reasoned:

> Inasmuch as defendant did not have notice of the size of the prospective litigation until April 4, 1977 *and after the statute of limitations had run as to about half of the proposed class*, the amended complaint does not relate back to the date of the original pleading. Thus, the proposed class must be limited to those individuals who obtained loans from the defendant between April 4, 1976 and April 18, 1976.

*Id.* at 495 (emphasis added). In this case, as in *Perry*, the statute of limitations may have run as to much of the proposed class. These claims, therefore, are futile. *See also Macon, supra* (holding certain amendments futile on the grounds they were attempted after the applicable statute of limitations had run).

Finally, Defendants respectfully request (i) that the Court defer ruling on this Motion to Amend until such time as the Court rules on the Motions to Dismiss in *Chatter* and *Banks* and (ii) that when the Court rules on the Motions to Dismiss in *Chatter* and *Banks*, that Defendants be granted leave to file a new response to this Motion to Amend that takes into consideration the Court's ruling which will likely have implications for the question of the futility of Plaintiff's planned amendments.

---

[1] Presumably, the plaintiff sought to relate back the class claim because of the one-year limitation period for actions under the Truth in Lending Act. 15 U.S.C. § 1640(e).

DATED:   October 12, 2012                              **Respectfully Submitted,**

**FRIEDMAN & MACFADYEN, P.C.**
**JOHNIE MUNCY**

**By Counsel**

_____/s/_____
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB #35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
Email:  cseltzer@sandsanderson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@siplfirm.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@siplfirm.com
*Counsel for Plaintiff*

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net
*Counsel for Plaintiff*

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
Telephone: 703-273-6080
Facsimile: 888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico 87501
Telephone: 505-983-4418
Facsimile: 505-983-2050
dickrubin@cs.com
*Counsel for Plaintiff*

                                      /s/
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB # 35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email: drucker@sandsanderson.com
Email: abiondi@sandsanderson.com
Email: cseltzer@sandsanderson.com
*Counsel for Defendants*